UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYRONE A. MERCADEL, JR.                                CIVIL ACTION

VERSUS                                                 NO. 25-1169

K. HARRINGTON, ET AL.                                  SECTION "I"(3)

## REPORT AND RECOMMENDATION

Plaintiff, Tyrone A. Mercadel, Jr., filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983.

On July 14, 2025, the Court ordered Mercadel to provide a written statement providing certain information regarding his claims.[1] Mercadel's response to the order was due to be filed by August 14, 2025.[2] The envelope mailed to Mercadel at his prison address of record was not returned as undeliverable. Mercadel has not responded to or complied with the Court's order.

On August 29, 2025, the Court issued an order for Mercadel to show cause by September 19, 2025, why his complaint should not be dismissed for failure to comply with the Court's July 14, 2025 order.[3] The Court warned Mercadel that "**FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS CASE BE DISMISSED.**"[4] The envelope mailed to Mercadel at his prison address of record has not been returned as undeliverable.

To date, Mercadel has not responded to the order or submitted a written

---

[1] R. Doc. 6.
[2] *Id.* at 1.
[3] R. Doc. 7.
[4] *Id.* at 2.

statement providing the information requested by the Court. Mercadel's failure to comply with the orders to show cause clearly reflects a failure on his own part to prosecute.

In the light of the foregoing, it is appropriate to dismiss Mercadel's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

Because Mercadel is proceeding *pro se*, the Court need consider only his conduct in determining whether dismissal is proper under Rule 41(b). As noted, Mercadel was twice instructed to file a written statement providing further information regarding his claims. To date, the no such statement has been submitted. For these reasons, the Court is unable to advance Mercadel's claims on the docket. Accordingly, his complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 3rd day of October, 2025.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**